PRECEDENTIAL
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2688
_____

UNITED STATES OF AMERICA

v.

LEE GRAVES,
a/k/a Rasul el-bey

LEE GRAVES,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 11-cr-119-001)
District Judge:  Hon. Lawrence F. Stengel
_____

Submitted Under Third Circuit LAR 34.1(a)
May 31, 2013

Before:   JORDAN and VANASKIE, *Circuit Judges*, and
RAKOFF\*, *Senior District Judge*.

(Filed: June 21, 2013)
_____

Michael N. Huff
1333 Race Street
Philadelphia, PA   19107
     *Counsel for Appellant*

Zane D. Memeger
Robert Zauzmer
Andrew J. Schell
Office of United States Attorney
615 Chestnut Street – Ste. 1250
Philadelphia, PA   19106
     *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Lee Graves appeals the judgment of conviction and sentence imposed by the United States District Court for the

_____
     \* Honorable Jed S. Rakoff, United States District Court Senior Judge for the Southern District of New York, sitting by designation.

Eastern District of Pennsylvania on May 31, 2012. He contends that his conviction must be reversed because his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, were violated. As there was no such violation, we will affirm.

## I. Background

On March 2, 2011, a grand jury returned an indictment charging Graves with one count of attempted possession of 500 grams or more of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii) and 21 U.S.C. § 846. He was arraigned on March 31, 2011, at which time the presiding magistrate judge decided that Graves should be evaluated to see whether he was competent to stand trial. The following day, the District Court entered an order instructing the Bureau of Prisons to conduct a psychiatric examination and mental competency evaluation of Graves, pursuant to 18 U.S.C. § 4241(b). That evaluation was still pending on June 3, 2011, three days before Graves's trial was scheduled to occur. The District Court therefore issued an order continuing the case until the filing of the competency report.

On June 22, 2011, the Bureau of Prisons completed the report, which concluded that Graves was competent to stand trial. The report was mailed to the magistrate judge with a cover letter dated June 28, 2011, and it was apparently received on July 7, 2011.[1] On September 21, 2011, the

---

[1] Graves claims that the report was received by the magistrate judge on July 11, 2011. Although the District Court mentioned that date during the hearing on Graves's

3

District Court held a status hearing, during which it reviewed the report and ruled that Graves was competent to stand trial. It also appointed defense counsel, who immediately moved for a continuance to allow adequate time to prepare for trial. On September 26, 2011, the Court granted that motion and set Graves's trial date for February 27, 2012.

Only weeks after seeking the continuance, however, Graves moved on October 21, 2011, to dismiss the indictment. He claimed that more than 70 days of inexcusable delay had passed since the filing of the indictment, which he argued violated his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, the Speedy Trial Clause of the Sixth Amendment, and the Due Process Clause of the Fifth Amendment. The District Court held a hearing on the motion and concluded that the time between March 31, 2011, when the competency evaluation was ordered, and September 21, 2011, when the competency determination was made, was excluded from the speedy trial calculation. It further held that the time after the September 21 hearing was also excluded due to defense counsel's request for a continuance. The Court therefore found that Graves's speedy trial rights had not been violated.

Graves's trial began as scheduled on February 27, 2012. He was convicted and sentenced to 120 months in prison and eight years of supervised release. He then filed this appeal.

Speedy Trial Act motion, it also mentioned July 7, and, when Graves's counsel asked for clarification, the Court repeated that the report was received on July 7. The reference to July 11 appears to have merely been a misstatement.

4

## II.    Discussion[2]

The Speedy Trial Act (the "Act") requires that, in a case in which a plea of not guilty is entered, a defendant's trial must begin within 70 days of the public filing of the indictment or the defendant's appearance before a judicial officer of the court, whichever is later. 18 U.S.C. § 3161(c)(1). The Act also provides for the exclusion of certain periods of delay from the 70-day calculation. *Id.* § 3161(h). Most relevant here, it excludes the "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." *Id.* § 3161(h)(1)(A). The Act also excludes the "delay resulting from any pretrial motion," *id.* § 3161(h)(1)(D), and up to 30 days of delay when "any proceeding concerning the defendant is actually under advisement by the court," *id.* § 3161(h)(1)(H). Finally, the Act excludes periods of delay "resulting from a continuance granted by any judge," as long as the judge has found "that the ends of justice" served by the continuance "outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). We have held that "the days on which [excludable] events occurred" are not included "in making the 70-day calculation." *Gov't of V.I. v. Duberry*, 923 F.2d 317, 320 n.8 (3d Cir. 1991).

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. "[W]e exercise plenary review over [a] district court's construction of the [Speedy Trial] Act and its provisions on excludable time," and we review its factual findings for clear error. *United States v. Lattany*, 982 F.2d 866, 870 (3d Cir. 1992).

5

Graves's sole argument on appeal is that the District Court erred in concluding that fewer than the 70 days permitted by the Speedy Trial Act passed between the filing of the indictment and his trial.[3] He concedes that the March 31, 2011 request for a competency determination began a period of excludable delay, but he argues that that period ended on June 22, 2011, when the Bureau of Prisons completed the competency report. He thus identifies 118 days of inexcusable delay – 29 that lapsed between his indictment and the March 31 arraignment, and another 89 that passed between the completion of the competency report and the September 21 hearing, at which his counsel's request for a continuance prompted another period of excludable delay.[4] Because that delay is greater than the 70 days permitted by the Speedy Trial Act, Graves argues that the District Court should have dismissed the indictment. The government disagrees, contending that the District Court was correct to conclude that the period of excludable delay for Graves's competency determination continued until the September 21 status hearing, when the Court considered the report and

---

[3] Graves has effectively abandoned his claims under the Fifth and Sixth Amendments, as he does not mention them in his brief on appeal.

[4] That calculation is not entirely accurate. Only 28 days of non-excludable time passed between the March 2 indictment and the March 31 arraignment, as neither of those dates should be included in the total. *Duberry*, 923 F.2d at 320 n.8. Ninety days, however, passed between June 22 and September 21, meaning that the total of 118 days would in fact be correct, if Graves were correct about what is and is not excludable.

made its competency ruling. The question before us is therefore whether a "delay resulting from" a competency proceeding extends until a hearing addressing the defendant's competence is held, or just until the completion of a competency report. This issue appears to be one of first impression for us.

To resolve the issue, we turn first to the language of the Speedy Trial Act, which excludes the "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A). By making clear that the time spent examining the defendant is included in the delay attributed more generally to a competency proceeding, that provision indicates that such a proceeding involves more than just the competency examination itself. Furthermore, the use of the term "proceeding" suggests judicial involvement, not solely the collection of evidence. *See* Black's Law Dictionary 1241 (8th ed. 2004) (defining "proceeding" as, *inter alia*, "[t]he business conducted by a court or other official body; a hearing"). The plain language of the Act therefore indicates that the excludable delay under § 3161(h)(1)(A) continues beyond the completion of the Bureau of Prisons competency report, which, important though it is, is only one step in determining a defendant's competence to stand trial.

That conclusion is consistent with 18 U.S.C. § 4241, the statute regarding competency determinations. Section 4241 "provides a mandatory process" that is "intended to culminate in a record-based judicial determination of competence." *United States v. Haywood*, 155 F.3d 674, 680 (3d Cir. 1998). The prescribed process imposes a duty on the

7

court to order a competency hearing whenever "there is reasonable cause to believe that the defendant" is mentally incompetent, *id.* (quoting 18 U.S.C. § 4241(a)), as the magistrate judge apparently found to be the case here. The court may then order a psychiatric examination of the defendant in order to "provide evidence for the hearing." *Id.*; *see also* 18 U.S.C. § 4241(b) ("Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted … ."). After the hearing, the court must determine whether, by a preponderance of the evidence, "the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent" to proceed to trial. *Id.* § 4241(d). Section 4241 thus suggests that a hearing is a vital part of a "proceeding … to determine the mental competency" of the defendant. *Id.* § 3161(h)(1)(A).

The Speedy Trial Act does not limit the amount of time that may be spent on a competency proceeding. In fact, it provides that "[a]ny period of delay" for a competency proceeding "shall be excluded" from the 70-day calculation. *Id.* § 3161(h)(1). That broad language is in contrast with the language in a different subsection of the Act, § 3161(h)(6), which provides for the exclusion of a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run … ." The reasonableness requirement in subsection (h)(6) is absent from most of the other excludable delay provisions,[5] and the

---

[5] The other provisions that expressly include a reasonableness requirement are subsection (h)(1)(F), which provides that "any time consumed in excess of ten days" due to transportation of the defendant is "presumed to be

8

Supreme Court in *Henderson v. United States* has taken that absence as an indication that Congress intended the exclusion of the periods defined in those other provisions to be "automatic." 476 U.S. 321, 327 (1986) (internal quotation marks omitted). Thus, when it turns out that a hearing is necessary to resolve a pretrial motion, the entire period before the hearing is excluded from the Speedy Trial Act calculation, regardless of whether the delay was reasonable. *Id.* at 329-30. Although in *Henderson* the Supreme Court was considering the particular exclusion for "delay resulting from any pretrial motion," 18 U.S.C. § 3161(h)(1)(D), the language in the exclusion for competency proceedings is equally broad, *see id.* § 3161(h)(1)(A). Therefore, the Court's reasoning is persuasive here as well, and it suggests that all delays attributable to a competency proceeding, reasonable or not, are excluded from the 70-day calculation.

Based on that precedent and on the statutory language itself, we conclude that the period of excludable delay under § 3161(h)(1)(A) begins when a party moves for, or the court *sua sponte* orders, a competency determination. The excluded time continues at least until a competency hearing is held, which occurred here on the same date that the District Court rendered its competency determination.[6] In other

_____

unreasonable," and subsection (h)(1)(H), which excludes delays "reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

[6] Because the District Court made its competency determination at the hearing, we need not resolve the question of when a post-hearing delay may also be excluded. We note, however, that in *Henderson* the Supreme Court held that

9

words, the period between a request for a competency

<hr />

§ 3161(h)(1)(D) "excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion." 476 U.S. at 331 (interpreting § 3161(h)(1)(F), which is now codified at § 3161(h)(1)(D)). The Court explained that "[i]t would not have been sensible for Congress to exclude automatically all the time prior to the hearing on a motion and 30 days after the motion is taken under advisement, but not the time during which the court remains unable to rule because it is awaiting the submission by counsel of additional materials." *Id.* Thus, at a minimum, the delay due to a competency determination would likely remain excluded from the Speedy Trial calculation until the district court has received all papers and evidence needed to make that determination. The extent to which it extends beyond that point depends on whether § 3161(h)(1)(H) limits the amount of time a court can have the issue of competency under its advisement. That is an issue of statutory interpretation we need not reach here.

We also need not, and do not, resolve the issue of whether an unreasonable delay in the transportation of a defendant to a competency examination is excludable. That issue has arisen in other cases due to § 3161(h)(1)(F). *See, e.g.*, *United States v. Tinklenberg*, 579 F.3d 589, 596 (6th Cir. 2009) (considering whether a delay in transporting a defendant to a mental competency examination beyond the ten day limit is excludable). That provision is not at issue here, and thus we do not reach the question of what impact it may have on delays for competency proceedings under § 3161(h)(1)(A).

examination and a hearing addressing that issue is clearly part of the "delay resulting from any proceeding … to determine the mental competency or physical capacity of the defendant," and therefore is "excluded … in computing the time within which the trial … must commence." *Id.* § 3161(h)(1)(A); *see also United States v. Tinklenberg*, 579 F.3d 589, 596 (6th Cir. 2009) ("[A]ll delays caused by proceedings to determine a defendant's competency are excluded, except for the time during which the defendant is supposed to be in transit, which is presumptively unreasonable if longer than ten days."); *United States v. Stephens*, 489 F.3d 647, 653 (5th Cir. 2007) ("[T]he district court correctly concluded that [the defendant's] motion for a competency evaluation stopped the clock from the date it was filed … through the date the court ruled that [he] was competent to stand trial … ."); *United States v. Noone*, 913 F.2d 20, 25-26 (1st Cir. 1990) (excluding the "entire period" from when the motion to determine competency was filed through the date of the competency ruling, other than an unreasonable delay in transporting the defendant to the competency examination); *United States v. Vasquez*, 918 F.2d 329, 333 (2d Cir. 1990) ("Since the delays here complained of by [the defendant] arose from proceedings to determine his competency and were prior to the conclusion of the hearing thereon, they must be excluded from the calculation of the speedy trial clock whether or not they are reasonable.").[7]

---

[7] Only the Eighth Circuit has held differently, calculating the time excluded as 30 days from the district court's receipt of the competency report. *United States v. Jones*, 23 F.3d 1307, 1310 (8th Cir. 1994). The court based that holding on its conclusion that "the trial court had the discretion to hold or to forgo" a competency hearing. *Id.* at

11

The District Court utilized the approach we now endorse, and we therefore can discern no error in its interpretation and application of the Speedy Trial Act. As all parties agree, the time between the indictment and the arraignment is not excluded under the Act. Accordingly, 28 of the 70 permitted days had passed before the magistrate judge ordered a competency examination on March 31, 2011. That order began a period of excludable "delay resulting from [a] proceeding … to determine the mental competency … of the defendant," 18 U.S.C. § 3161(h)(1)(A), which continued until the September 21, 2011 hearing, at which the District Court considered the evidence of competency and rendered a decision. Although that decision ended the competency proceeding, and thus terminated that particular period of excludable delay, a new period immediately began because Graves's counsel requested a continuance, which the Court found served the ends of justice. *See* 18 U.S.C. § 3161(h)(7)(A). Therefore, only the initial 28 days counted toward the speedy trial calculation. As that period is well within the 70 days provided by the Speedy Trial Act, the

---

1309. That conclusion relied on a previous version of the competency statute, *id.*, which required a hearing only if a competency examination "indicates a state of present insanity or … mental incompetency in the accused," *see United States v. Pogany*, 465 F.2d 72, 74 n.1 (3d Cir. 1972) (quoting the prior version of the statute, then codified at 18 U.S.C. § 4244) (internal quotation marks omitted). As discussed above, we have held that the current version provides for a "mandatory process" that involves a hearing in all instances in which competency is at issue. *Haywood*, 155 F.3d at 680. Accordingly, we decline to follow the approach adopted in *Jones*.

District Court rightly held that Graves's rights under the Act were not violated.

## IV.  Conclusion

Because Graves's trial began within the time allotted under the Speedy Trial Act, the District Court did not err in denying his motion to dismiss the indictment.  Accordingly, we will affirm.