GLD-400                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2295
_____

IN RE: MAURICE THOMAS,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 11-cr-00618-003)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 22, 2013

Before: FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: September 9, 2013)
_____

**OPINION**
_____

PER CURIAM

Maurice Thomas seeks a writ of mandamus to address alleged delays in the

adjudication of his criminal proceedings in the United States District Court for the

Eastern District of Pennsylvania.[1]  A writ of mandamus is a drastic remedy available only

in extraordinary cases.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d

Cir. 2005).  A party seeking mandamus must show that he has "no other adequate means

_____

[1] Although he is represented by counsel in the District Court, he has filed his mandamus
petition pro se.

to attain the relief he desires" and that his right to the writ is "clear and indisputable." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (quotation marks omitted).

In October 2012, the District Court denied Thomas' counseled motion to dismiss the charges against him based in part on his right to a speedy trial. To the extent Thomas intends to challenge that ruling he may not do so via a petition for a writ of mandamus. A mandamus petition is not a substitute for an appeal and may not be used to circumvent the final judgment rule.[2] In re Baldwin, 700 F.3d 122, 127 (3d Cir. 2102); In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003). If he is convicted, Thomas may challenge the District Court's interlocutory rulings by taking an appeal after entry of a final judgment. See, e.g., United States v. Graves, — F.3d —, No. 12-2688, 2013 WL 3112703 at *1–4 (3d Cir. June 21, 2013) (reviewing Speedy Trial Act claim on direct appeal); United States v. Willaman, 437 F.3d 354, 357–59 (3d Cir. 2006) (same). Accordingly, we will deny the petition for a writ of mandamus.

---

[2] A District Court's denial of a speedy trial motion is not immediately appealable. United States v. Culbertson, 598 F.3d 40, 48 (2d Cir. 2010) ("a district court's order denying dismissal for an alleged violation of a defendant's right to a speedy trial is not reviewable on interlocutory appeal") (citing United States v. MacDonald, 435 U.S. 850, 857 (1978)); cf. United States v. Kuper, 522 F.3d 302, 303–305 (3d Cir. 2008) (holding that an order dismissing an indictment without prejudice pursuant to the Speedy Trial Act is not immediately appealable and may be appealed if defendant is re-indicted and convicted).