NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3762
_____

UNITED STATES OF AMERICA

v.

LEAFORD GEORGE CAMERON, a/k/a L. George Cameron a/k/a L. George W.
Cameron a/k/a L. George William Cameron a/k/a L. St. George W. Cameron a/k/a
L. St. George William Cameron a/k/a George W. Cameron,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cr-00415-001)
District Judge: Honorable Gene E. K. Pratter
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 12, 2019.

Before: RESTREPO, ROTH and FISHER *Circuit Judges*.

(Filed: May 4, 2020)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Leaford Cameron was convicted of mail fraud, wire fraud, and making false

statements. He argues that his constitutional right to counsel was violated when the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

District Court granted his request to represent himself at trial without providing the proper procedural safeguards. He also argues that his rights were violated during the jury selection process and that his indictment should be dismissed because of speedy trial violations. Because Cameron's right to counsel was violated, as the Government concedes, we will vacate and remand for a new trial. We will not reach the jury selection issue and will affirm on the speedy trial issue.[1]

Cameron argues that the District Court erred by permitting him to represent himself without advising him of the range of penalties he faced. The Government concedes there was error and a new trial is warranted. Before concluding that a defendant's waiver of his right to counsel is valid, the district court must ensure that he understands several issues, including "the range of allowable punishments" for the charges he faces.[2] The District Court's colloquy with Cameron covered nearly all the required issues, but not the sentence he might face for each of the charges. "Because error in assessing whether a defendant may represent himself is structural, it can never be harmless."[3] Accordingly, we will vacate and remand for a new trial.

Because there will be a new trial before a newly selected jury, we do not reach Cameron's jury selection challenge. We do, however, reach his Speedy Trial Act argument because if there was a speedy-trial violation, dismissal of the indictment would be required. We conclude there was no violation.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

[2] *United States v. Peppers*, 302 F.3d 120, 135 (3d Cir. 2002) (quoting *United States v. Welty*, 674 F.3d 185, 188 (3d Cir. 1982)).

[3] *Id.* at 137.

Under the Speedy Trial Act, trial must begin within seventy days of either the filing of the indictment or the defendant's initial court appearance, whichever is later.[4] The statute also excludes certain time periods during which the seventy-day clock stops ticking. Therefore, to determine whether a violation occurred, we add up the time not excluded by the statute and determine whether the seventy-day limit was exceeded.

The parties agree that the speedy-trial clock reached twenty-five days between Cameron's initial appearance on September 11, 2015, and the District Court's signing of an order on October 7, 2015, directing a competency evaluation. At that point, the clock stopped ticking because the ensuing delay was for the purpose of determining Cameron's competency.[5]

Cameron points to two additional periods before the start of his trial that, he asserts, were not tolled. The first is fifty-three days between October 19, 2015 and December 11, 2015. Cameron's theory (which is not articulated in his brief) seems to be that he became competent—and the speedy trial clock restarted—on October 19, 2015, when Dr. Pogos Voskanian provided an evaluation opining that Cameron was competent. Then, Cameron implies, the clock stopped again on December 11, 2015, when the District Court ordered another evaluation by a different doctor. However, the trial court, not a doctor, ultimately determines a defendant's competency,[6] so the speedy trial clock did not restart when Dr. Voskanian issued his evaluation. Rather,

---

[4] 18 U.S.C. § 3161(c)(1).

[5] *Id.* § 3161(h)(1)(A).

[6] *Id.* § 4241(d) (specifying steps to be taken "[i]f . . . the court finds by a preponderance of the evidence that the defendant is . . . mentally incompetent").

the time from October 7, 2015 (when the District Court ordered that Cameron's competency be evaluated) until March 23, 2016 (when the District Court ruled on his competency) is excludable as delay "resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant."[7]

Cameron offers a more detailed argument regarding the time between March 23, 2016, when the District Court ruled him incompetent, and May 10, 2016, when he arrived at a federal medical center for treatment. He argues that, of this forty-eight-day period, thirty-eight days count toward the Speedy Trial Act limit because, under the statute, only ten days are excludable for transporting a defendant.[8] The Government responds that regardless of how long it took to transport Cameron to the medical center, the entire time is excludable because Cameron had already been adjudicated incompetent.[9]

We need not reach the parties' arguments because even if Cameron is correct, there is no speedy trial violation. The only periods of delay that would count toward the speedy-trial deadline would be the initial twenty-five days the parties agree upon, plus (potentially) the thirty-eight days for transportation.[10] That would total sixty-three days, which is within the statutory seventy-day limit.

---

[7] *Id.* § 3161(h)(1)(A).

[8] *See id.* § 3161(h)(1)(F) (excluding "delay resulting from transportation of any defendant . . . to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date [of] . . . an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable").

[9] *See id.* § 3161(h)(4) (excluding delay "resulting from the fact that the defendant is mentally incompetent").

[10] We recently held that when the speedy-trial clock is stopped for a determination of competency, the ten-day transportation exclusion applies, and the remaining time it takes to transport the defendant counts toward the speedy trial limit. *United States v.*

For the foregoing reasons, we will vacate and remand the District Court's judgment of December 12, 2018, and we will affirm the order of September 7, 2017, denying the motion to dismiss the indictment.

---

*Williams*, 917 F.3d 195, 202-03 (3d Cir. 2019). We declined to rule on whether the ten-day transportation exclusion applies when the clock is stopped for a different reason (the one involved here): because the defendant has been ruled incompetent. *Id.* at 203 n.7.