NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 24-1533 and 24-1588
_____

UNITED STATES OF AMERICA

v.

ZACHARIAH OWENS,
                    Appellant in No. 24-1533

KAYLA FAIR,
                    Appellant in No. 24-1588

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:22-cr-00089-001)
(D.C. No. 2:22-cr-00089-002)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 6, 2025

Before: RESTREPO, MONTGOMERY-REEVES, and SCIRICA, *Circuit Judges.*

(Filed: April 18, 2025)
_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Following unsuccessful motions to dismiss their indictments under the Speedy Trial Act, Zachariah Owens and Kayla Fair pled guilty to federal drug-related offenses. As a condition of their pleas, both preserved their rights to appeal their Speedy Trial Act claims. Because the district court correctly determined Fair and Owens were convicted within the Act's prescribed timeframe, we will affirm.

I.

Because we write primarily for the parties, who are familiar with the factual context and legal history of the case, we recite only the facts necessary for our analysis.

Appellants Owens and Fair were indicted on drug-related charges in the Western District of Pennsylvania. Owens and Fair made their initial appearances on April 12, 2022. Owens's final pretrial motion deadline was set for December 28, 2022. On December 15, 2022, he filed several motions to suppress evidence. Fair's final pretrial motion deadline was set for March 17, 2023. On that date, she filed several suppression motions, and on March 20, 2023, the District Court granted her request to join Owens' suppression motions from December 2022. Fair and Owens both requested hearings on these motions, which the Government opposed.

The Government filed its unified response to both Appellants' motions on March 31, 2023. Fair and Owens replied, respectively, on April 12 and 14, 2023. No further docket activity occurred until August 9, 2023, when Fair moved to dismiss the indictments under the Speedy Trial Act, arguing the intervening delay put their cases over the Act's time limits between indictment and trial. On August 10, 2023, Owens joined Fair's motion

2

to dismiss.

The Government filed a response on August 11, 2023. In its response, the Government advised the court that scheduling a hearing on the motions would prevent any Speedy Trial Act violations. Fair replied on August 15, 2023. The court subsequently issued an order denying the motions to dismiss, "agree[ing]" with the government "that Defendants' Motions to Dismiss lack merit and must be denied" and scheduling a hearing on the suppression motions. App. 21. The hearing occurred on September 6, 2023. The court denied both suppression motions. Both Appellants then pled guilty but preserved their rights to appeal the court's denial of their motions to dismiss under the Speedy Trial Act.

II.[1]

We review the District Court's interpretation of the Speedy Trial Act, "including" the court's interpretation of provisions "related to excludable time[,]" de novo. *United States v. Williams*, 917 F.3d 195, 199 (3d Cir. 2019) (citation omitted). We review the District Court's fact-finding for clear error. *United States v. Shulick*, 18 F.4th 91, 100 (3d Cir. 2021).

The Speedy Trial Act "requires that a criminal defendant's trial commence within 70 days after he is charged or makes an initial appearance, whichever is later[.]" *Bloate v. United States*, 559 U.S. 196, 198-99 (2010) (citing 18 U.S.C. § 3161(c)(1)). But "when a

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

3

district court makes a Speedy Trial Act time calculation, it 'shall' exclude" certain periods of time from the 70-day limit. *United States v. Hamilton*, 46 F.3d 271, 275 (3d Cir. 1995). These include "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[,]" 18 U.S.C. § 3161(h)(1)(D), and "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court[,]" *id.* § 3161(h)(1)(H). If the defendant is not tried within the statutory period, considering applicable exclusions, "the information or indictment shall be dismissed on motion of the defendant." *Id.* § 3162(a)(2).

At issue here is whether the time between the thirty days after Owens and Fair filed their reply briefs on their motions to suppress (May 15 and May 12, respectively) and the day they filed their motions to dismiss under the Speedy Trial Act (August 10 and August 9, respectively) is excludable. Appellants rely on § 3161(h)(1)(H), arguing their motions to suppress were under advisement once all briefs were filed on April 14, 2023, so the 70-day clock resumed running on May 15. Because 86 days elapsed during this period, appellants contend their indictments should have been dismissed. The Government contends § 3161(h)(1)(D) applies because the court ultimately held a hearing, and the delay is excludable as the time between the filing of a motion and the conclusion of the hearing. Consequently, time was tolled until the hearing *concluded* on September 6, 2023.

Appellants' position has no basis in the text of the Speedy Trial Act. First, the statutory text is clear that time "from the filing of a motion *through the conclusion of the*

4

*hearing on . . .* such motion" is excludable.  18 U.S.C. § 3161(h)(1)(D) (emphasis added).[2]

"The plain terms of the statute appear to exclude all time between the filing of and the hearing on a motion *whether that hearing was prompt or not*."  *Henderson v. United States*, 476 U.S. 321, 326 (1986) (emphasis added).  This provision does not require a district court to promptly indicate an intent to schedule a hearing, and reading it to do so would be "at odds with the plain language of the statute."  *Id.* at 330; *see also United States v. Claxton*, 766 F.3d 280, 293 (3d Cir. 2014) ("[Pretrial] motions . . . toll the speedy trial clock for all defendants until the District Court [holds] a hearing . . . .").

Furthermore, § 3161(h)(1)(H) is inapplicable here.  First, because we treat these

---

[2] We reiterated in *United States v. Adams* this provision applies "when a pretrial motion requires a hearing."  36 F.4th 137, 147 (3d Cir. 2022) (quoting *Henderson*, 476 U.S. at 329).  Here, Owens and Fair "requested a hearing on [their] motions, thus acknowledging that one was appropriate[,]" so "we need not discuss the factors that determine whether a given motion 'requires' a hearing" and may assume these motions did.  *United States v. Staula*, 80 F.3d 596, 601 n.2 (1st Cir. 1996); *accord United States v. Bush*, 404 F.3d 263, 274 (4th Cir. 2005) ("[I]f a defendant requests a hearing, and a hearing is offered and declined, we believe that § 3161(h)(1)(F) applies, and excludes all of the time up until the offer of the hearing is affirmatively declined." (citing a pre-amendment citation for what is now § 3161(h)(1)(D)).

Appellants contend the Government waived the applicability of (h)(1)(D) by initially opposing their requests for hearings.  Fair Opening Br. 20.  Since waiver is the "intentional relinquishment of a known right[,]" we do not reach waived claims on appeal.  *Barna v. Bd. of Sch. Dir. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146 (3d Cir. 2017) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).  But this doctrine is inapplicable.  First, appellants conflate the Government's *initial opposition to their request for a hearing* with the Government's position about the *effect of holding a hearing* for the Speedy Trial Act.  Even if the Government could be *estopped* by their earlier position from arguing hearings were necessary, Appellants do not prevail because before the court had an opportunity to rule on the need for a hearing, the Government "concede[d] the point insisted upon by the defendants" that a hearing should occur.  App. 49; *see New Hampshire v. Maine*, 532 U.S. 742, 749–750 (2001).  But we do not treat the Government's initial opposition to a hearing as waiver or estoppel of their Speedy Trial Act arguments here.

5

motions as having required a hearing, § (h)(1)(D) applied instead. *See Adams*, 36 F.4th at 148; *supra* note 2. Second, we are not convinced a motion is *per se* "under advisement" when the reply briefs are filed, as appellants contend, since the court may still require more information before taking a motion under advisement thereafter—and indeed, did so here, "ask[ing] the Government to call" certain witnesses and basing its denials of the motions in part on testimony offered at the hearings. Appellee's Br. 26–27; *see United States v. Hicks*, 779 F.3d 1163, 1170 (10th Cir. 2015) ("A motion is 'under advisement' once the district court has obtained all of the information necessary for it to rule on the motion." (citation omitted)); *United States v. Jones*, 601 F.3d 1247, 1255 (11th Cir. 2010) ("A motion is 'under advisement' once the parties have filed the last piece of necessary information . . . ." (citation omitted)).

Accordingly, the court properly excluded the time before the hearing on appellants' motions to suppress from the Speedy Trial Act's 70-day clock.

Our opinion should not be read to say for motions that do *not* require a hearing or where defendants do not request one, the court can avoid § (h)(1)(H) and invoke § (h)(1)(D)'s exclusions by simply scheduling a hearing. As the Government observes, other circuits have noted "that in some case, a defendant might be able to make a showing that the district court scheduled a 'hearing' as a mere pretense to excuse delay in bringing a case to trial[,]" but this is not that case. *United States v. Smith*, 569 F.3d 1209, 1212 n.4 (10th Cir. 2009); Appellee's Br. 23–24.

## III.

For the foregoing reasons, we will affirm.