**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2105
_____

JOSE ARCENIO ARISTY-ROSA,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of
the Board of Immigration Appeals
(Agency No. A043-907-039)
Immigration Judge:  John P. Ellington
_____

Submitted under Third Circuit L.A.R. 34.1(a)
March 15, 2021
_____

Before: SHWARTZ, PORTER, and MATEY, Circuit Judges.

(Filed: March 16, 2021)

_____

OPINION
_____

David Kaplan
120 Chestnut Street
Philadelphia, PA 19106
        *Counsel for Petitioner*

Rebekah Nahas
Craig A. Newell, Jr.
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
        *Counsel for Respondent*

SHWARTZ, Circuit Judge.

Jose Arcenio Aristy-Rosa petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") denying his motion to sua sponte reopen and terminate removal proceedings. Aristy-Rosa received a full and unconditional gubernatorial pardon, and he asserts that it extinguished the basis for his removal. He is incorrect and we will therefore deny the petition.

2

I

Aristy-Rosa, a native and citizen of the Dominican Republic, was admitted to the United States in January 1993 as a lawful permanent resident. Several years later, he was convicted of attempted criminal sale of a controlled substance, cocaine, in violation of New York state law. He was sentenced to five years' probation and a six-month suspension of his driver's license.

Thereafter, Aristy-Rosa received a Notice to Appear ("NTA") in the Immigration Court. The NTA charged Aristy-Rosa with being subject to removal under Section 237 of the Immigration and Nationality Act ("INA") for three reasons: (1) he had committed a crime relating to a controlled substance, in violation of 8 U.S.C. § 1227(a)(2)(B)(i); (2) his controlled substances conviction constituted an aggravated felony, in violation of 8 U.S.C. § 1227(a)(2)(A)(iii); and (3) he was an alien who was inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(II) at the time of his application for adjustment of status, in violation of 8 U.S.C. § 1227(a)(1)(A).

Aristy-Rosa conceded removability under 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (a)(2)(B)(i) and sought no relief from removal. An IJ ordered Aristy-Rosa removed on these grounds, and Aristy-Rosa did not appeal that order. Aristy-Rosa later filed two motions to reopen his removal proceedings to apply for adjustment of status and other relief, both of which were denied.

In December 2017, New York Governor Andrew Cuomo fully and unconditionally pardoned Aristy-Rosa for his controlled substance conviction. Aristy-Rosa then moved to

3

sua sponte reopen his removal proceedings,[1] arguing that the pardon eliminated the basis for his removal. The IJ denied the motion, reasoning that it was time- and number-barred and that, under the plain text of the INA, a pardon fails to extinguish the basis for removal where the underlying conviction was for a controlled substance offense. Aristy-Rosa appealed this decision to the BIA.

The BIA dismissed the appeal. It concluded that Aristy-Rosa's argument was foreclosed by In re Suh, 23 I. & N. Dec. 626 (B.I.A. 2003), which held that certain "removable offenses, such as controlled substance violations under section 237(a)(2)(B) [of the INA] . . . are . . . not covered by the [INA's] pardon waiver" provision. Id. at 627. The BIA also determined that a Department of Justice Office of Legal Counsel ("OLC") memorandum, which opined that Congress could not restrict the scope of a presidential pardon, was not inconsistent with Suh because the memorandum "detail[ed] the extent of a presidential pardon, rather than a gubernatorial pardon as is at issue here." A.R. 4.

Aristy-Rosa petitions for review.

---

[1] An immigrant generally may only file one motion to reopen, no later than ninety days after the date that the IJ's or the BIA's decision became final. See 8 C.F.R. § 1003.2(c)(2). "[T]he Regulations, however, allow[] the BIA to reopen or reconsider a case sua sponte at any time." Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474 (3d Cir. 2003). Sua sponte reopening is generally reserved for "exceptional situations." Id. (quoting In re J-J-, 21 I. & N. Dec. 976, 984 (B.I.A. 1997)).

4

II[2]

To resolve this petition, we must interpret the INA provision governing pardons. Our "starting point lies in a careful examination of the ordinary meaning and structure of the law itself." Food Mktg. Inst. v. Argus Leader Media, 139 S. Ct. 2356, 2364 (2019). "[W]hen the statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms." Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000)).

Section 1227 provides the grounds upon which an alien may be removed from the United States, and § 1227(a)(2) specifically enumerates the various crimes that may constitute a basis for removal. As relevant here, § 1227(a)(2)(A) and § 1227(a)(2)(B) include "[g]eneral crimes" and "[c]ontrolled

---

[2] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15, and we have jurisdiction over final orders of the BIA under 8 U.S.C. § 1252(a)(1). See Garcia v. Att'y Gen., 665 F.3d 496, 502 n.4 (3d Cir. 2011). While we generally lack jurisdiction to review a BIA decision declining to exercise its discretion to sua sponte reopen a removal proceeding, see Calle-Vujiles, 320 F.3d at 475, we "may exercise jurisdiction to the limited extent of recognizing when the BIA has relied on an incorrect legal premise," Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011). "In such cases we can remand to the BIA so it may exercise its authority against the correct legal background." Id. (quotation marks omitted). We review legal questions concerning the interpretation of the INA de novo. Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012).

substances" offenses, respectively. General crimes include "crime[s] involving moral turpitude," "aggravated felon[ies]," "high speed flight from an immigration checkpoint," and "[f]ailure to register as a sex offender." 8 U.S.C. § 1227(a)(2)(A)(i)-(v). The general crimes provision also contains a pardon waiver, which explains that convictions for crimes of moral turpitude, aggravated felonies, and high speed flight cannot serve as the basis for removal "if the alien subsequent to the criminal conviction has been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States." 8 U.S.C. § 1227(a)(2)(A)(vi). Section 1227(a)(2)(B), which provides for removal of an alien "convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State . . . relating to a controlled substance," contains no pardon waiver. That is, Congress did not explicitly provide that a full pardon for a controlled substance conviction extinguishes the immigration consequences of that offense. Thus, under the plain text of § 1227, Aristy-Rosa's pardon eliminated the aggravated felony ground for his removal but not the controlled substance ground. See Suh, 23 I. & N. Dec. at 628 (explaining that "[t]he plain language of the statute clearly states which grounds of removal are waived if a pardon is granted," and controlled substances offenses "are not among those enumerated"); see also Aguilera-Montero v. Mukasey, 548 F.3d 1248, 1252 (9th Cir. 2008) (reviewing whether § 1227(a)(2)(A)(vi)'s pardon waiver provision extends to 8 U.S.C. § 1182(a)[3] and concluding that "basic tenets of statutory

---

[3] Section 1182 deals with the inadmissibility of aliens, rather than their removability. "[I]nadmissibility applies to those aliens who, for one reason or another, are ineligible to enter or re-enter the United States in the first place." Balogun

6

construction preclude us from inferring a [pardon] waiver under the provisions of 8 U.S.C. § 1182(a)"); Balogun v. Att'y Gen., 425 F.3d 1356, 1362 (11th Cir. 2005) ("Section 1182 does not have a pardon provision like [§] 1227[(a)(2)(A)] does, and we believe that if Congress had intended to extend the pardon waiver to inadmissible aliens, it would have done so [explicitly].").

Aristy-Rosa's argument that Congress implied a pardon waiver for a controlled substance offense fails. First, because "it is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another," we will not imply a pardon waiver in § 1227(a)(2)(B) where none exists in the text. BFP v. Resolution Tr. Corp., 511 U.S. 531, 537 (1994) (quotation marks omitted); see also United States v. Johnson, 529 U.S. 53, 58 (2000) ("When Congress provides exceptions in a statute, it does not follow that courts have authority to create others. The proper inference . . . is that Congress considered the issue of exceptions and, in the end, limited the statute to the ones set forth."); Zumel v. Lynch, 803 F.3d 463, 473 (9th Cir. 2015) ("Since Congress knows how to eliminate the immigration

---

v. Att'y Gen., 425 F.3d 1356, 1362 (11th Cir. 2005). A person with a controlled substance conviction, for example, is ineligible to enter the United States. 8 U.S.C. § 1182(a)(2)(A)(i)(II). "This ineligibility to enter the country contrasts with the situation of deportable aliens who are either (1) eligible to enter when they arrive and are admitted, but become ineligible to remain because of some later event, or (2) those who were admitted, but would not have been had their inadmissible status been known at the time of admission." Balogun, 425 F.3d at 1362.

7

consequences of unlawful conduct when it wants to, we should not interpret congressional silence as accomplishing the same end.").[4]

---

[4] Aristy-Rosa's pardon also does not alter the fact that he was "convicted." Under the INA, "conviction" means "a formal judgment of guilt of the alien entered by a court," including "where a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt" or where "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101(a)(48)(A). Aristy-Rosa argues that the pardon "removed the formal adjudication of guilt" such that he is no longer "convicted" under the INA and therefore should not have been ordered removed. "A cardinal rule of statutory interpretation is that courts should avoid interpreting a statute in ways that would render certain language superfluous." United States v. Williams, 917 F.3d 195, 202 (3d Cir. 2019). Adopting Aristy-Rosa's construction that a full pardon extinguishes any "conviction" would render § 1227(a)(2)(A)(vi)'s pardon waiver provision superfluous. See also Doe v. Nat'l Bd. of Med. Exam'rs, 199 F.3d 146, 155 (3d Cir. 1999) (explaining that a "commonplace" rule of statutory interpretation is that "the specific governs the general," particularly "when Congress has targeted specific problems with specific solutions in the context of a general statute" (quotation marks omitted)). Moreover, outside the immigration context, a pardon "does not eliminate . . . [the] conviction and does not create any factual fiction that [the] conviction had not occurred." United States v. Noonan, 906 F.2d 952, 960 (3d Cir. 1990) (quotation marks omitted); see also Burdick v. United States, 236 U.S. 79, 94 (1915) (noting

Second, this plain-text interpretation of the INA does not produce absurd results. See Hanif v. Att'y Gen., 694 F.3d 479, 483 (3d Cir. 2012) (noting that we follow the plain text unless "the literal meaning of a statute [could] lead to a patently absurd result that no rational legislature could have intended" (alteration in original) (quoting Barrios v. Att'y Gen., 399 F.3d 272, 277 n.11 (3d Cir. 2005)). Some controlled substance offenses are also aggravated felonies, as is the case here, but not all aggravated felonies involve controlled substances. Congress could have rationally decided that controlled substance offenses warrant removal because of the impact such crimes have on the entire community. See Suh, 23 I. & N. Dec. at 627-28.

Finally, the OLC memorandum, Effects of a Presidential Pardon, 19 Op. O.L.C. 160 (1995), does not alter our analysis. There, the OLC considered, among other things, whether "a full and unconditional presidential pardon precludes the exercise of the authority to deport a convicted alien." Id. It noted that the INA waives removal for certain crimes under § 1227(a)(2)(A),[5] but that "[t]he statute is silent . . . as to the effect of such a pardon on . . . offenses involving controlled substances, firearms, and miscellaneous crimes."

---

that acceptance of a pardon "carries an imputation of guilt"). Thus, Aristy-Rosa remains convicted of a controlled substance offense.

[5] At the time, this provision of the immigration laws was codified at 8 U.S.C. § 1251. See 19 Op. O.L.C. at 160 & n.* ("[O]n September 30, 1996, that section was redesignated as section 237 of the INA, and was thereafter recodified as 8 U.S.C. § 1227." (citing Pub. L. No. 104-208, § 305(a)(2), 110 Stat. 3009, 3009-598 (1996)); see also 8 U.S.C. § 1251 (1994).

Id.  The OLC nevertheless concluded that a full presidential pardon would extinguish the immigration effects of any federal crime, including those involving controlled substances, "because congressional legislation cannot define or limit the effect of a presidential pardon" due to the scope of the President's pardon power in Article II of the Constitution.  Id. at 161.  These separation of powers concerns are absent here, however, because Aristy-Rosa's case concerns only a state pardon, and a state "does not have the authority to make immigration-law determinations."  In re Thomas, 27 I. & N. Dec. 674, 680 (A.G. 2019); see also Aguilera-Montero, 548 F.3d at 1255 n.9 (noting the OLC's analysis was not relevant where "[petitioner's] case involve[d] a state pardon"); cf. Arizona v. United States, 567 U.S. 387, 409-10 (2012) (collecting cases and noting that "the removal process is entrusted to the [sole] discretion of the Federal Government"); Galvan v. Press, 347 U.S. 522, 531 (1954) ("Policies pertaining to the entry of aliens and their right to remain here are . . . entrusted exclusively to Congress.").[6]

III

For these reasons, we will deny the petition for review.

---

[6] Any argument that the BIA failed to give full faith and credit to Aristy-Rosa's state pardon is meritless because 28 U.S.C. § 1738 does not apply to administrative agencies.  See NLRB v. Yellow Freight Sys., Inc., 930 F.2d 316, 320 (3d Cir. 1991) ("[F]ederal administrative agencies are not bound by section 1738 because they are not courts." (quotation marks omitted)); Thomas, 27 I. & N. Dec. at 687.